IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  AMERICAN MEDICAL SYSTEMS, INC.,
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION                MDL No. 2325

THIS DOCUMENT RELATES TO:

*Apuzzi v. American Medical Systems, Inc.*              Civil Action No. 2:14-cv-28603

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion to Reconsider and Vacate the Court's November 17, 2016 Dismissal of this Action. [ECF No. 14]. American Medical Systems, Inc. ("AMS") has responded, and the plaintiff has replied.[1] Thus, the motion is ripe for review. For the reasons stated below, the plaintiff's Motion is **DENIED**.

I. **Background**

This case resided in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 60,000 cases currently pending, approximately 4,000 of which are in the AMS MDL, MDL 2325. Pursuant to Pretrial Order No. 19 ("PTO # 19"), each plaintiff is required to submit a completed Plaintiff Profile Form ("PPF") to AMS within 60 days of filing a Short Form Complaint. PTO # 19 at ¶ 1b, No. 2:12-md-2325, entered

---

[1] AMS filed its opposition on February 16, 2017, so the deadline for the plaintiff's reply was February 23, 2017. *See* LR Civ P 7.1(a)(7) ("Any reply memoranda shall be filed . . . within 7 days from the date of service of the memorandum in response to the motion.") The plaintiff filed a late reply on March 2, 2017.

Oct. 4, 2012. [ECF No. 302]. PTO # 19 further provided that "[i]f a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to . . . deficiency cure procedures." *Id.* at ¶ 1g.

In the present case, the plaintiff filed her Short Form Complaint in this MDL on November 7, 2014. *See* Am. Short Form Compl. [ECF No. 1]. Pursuant to PTO # 19, her PPF was due to AMS by January 6, 2015. On May 25, 2016, AMS sent a letter to the plaintiff's counsel warning that AMS would seek sanctions up to and including dismissal if the plaintiff did not submit a completed PPF within fourteen days. [ECF No. 16-1, Ex. A.] On June 22, 2016, AMS filed a Motion to Dismiss the plaintiff's case for failure to submit a PPF, which was 533 days late at that time. [ECF No. 5]. The plaintiff did not respond to AMS's motion to dismiss. Despite the plaintiff's failure to respond, on August 2, 2016, I entered an order ("First Order") granting the plaintiff an additional thirty business days to submit her PPF. [ECF No. 6]. In the First Order, I also warned the plaintiff that failure to comply within this thirty business day period would result in dismissal upon motion by AMS. *Id.* at 8. Eighty-seven days later, on October 28, 2016, AMS again moved to dismiss the plaintiff's case for failing to provide her PPF. [ECF No. 8]. Again, the plaintiff did not respond. On November 17, 2016, I entered an order ("Second Order"), with an accompanying Judgment Order, granting AMS's Motion and dismissing the plaintiff's case with prejudice. [ECF Nos. 9, 10]. Seventy-seven days later, on February 2, 2017, the plaintiff submitted a PPF to AMS and moved to vacate the dismissal pursuant to

2

Federal Rule of Civil Procedure 60(b) on the ground that her failure to timely provide a PPF was the result of excusable neglect. [ECF No. 14]. The plaintiff argues that "just prior" to the court's First Order, the only attorney listed on CM/ECF as her counsel "abruptly left the law firm" and the firm did not become aware that the plaintiff's case was dismissed until January 21, 2017. *Id.* at 3.

## II. Legal Standard

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal citations omitted). The five enumerated reasons for relief from final judgment under Rule 60(b) are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence not available at trial; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The sixth "catchall" reason "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens*, 652 F.3d at 500. Furthermore, the Fourth Circuit has required that "[i]n all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

3

### III. Analysis

The plaintiff moves to set aside this court's dismissal of her case with prejudice pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. The plaintiff asserts that her failure to provide a PPF is the result of excusable neglect. Specifically, her counsel did not receive the court's First Order because "[j]ust prior to the August 2, 2016 Order, Mr. Weitz, who was the only attorney from Messa & Associates who was listed as counsel, abruptly left the law firm." Pl.'s Mot. to Reconsider at 3. The plaintiff does not offer any excuse for her failure to provide her PPF by the initial January 6, 2015 deadline, or at any time prior to the First Order, even though AMS sent a letter on May 25, 2016 warning that it would seek sanctions and subsequently filed a Motion to Dismiss on June 22, 2016. The plaintiff failed to file any response opposing AMS's Motion to Dismiss by the July 6, 2016 deadline even though Mr. Weitz did not leave Messa & Associates until "[j]ust prior to" August 2, 2016. Thus, the plaintiff was on notice that AMS had already moved to dismiss her case. The plaintiff was also on notice regarding her continuing failure to comply with PTO # 19, which warned the plaintiff of the possibility of dismissal for failure to submit a timely PPF. *See* PTO # 19 ¶ 1g.

The plaintiff does not argue that ECF filings failed to be properly delivered to email addresses[2] at Messa & Associates. Instead, the plaintiff relies on her own counsel's failure to monitor those email addresses or for another attorney at the firm to make an appearance in the case. The plaintiff does not explain these failures. This

---

[2] At all relevant times, ECF filings were electronically mailed to two email addresses at Messa & Associates: EWeitz@messalaw.com and atobin@messalaw.com.

argument does not warrant overturning my judgment pursuant to Rule 60(b)(1). *See, e.g.*, *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) ("A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)."); *Wilson v. Thompson*, 138 Fed. App'x. 556, 557 (4th Cir. 2005) (Denying Rule 60(b)(1) motion where sole reason asserted for relief was counsel's failure to note entry of dismissal); s*ee also In re Engle Cases*, 767 F.3d 1082, 1087 (11th Cir. 2014) ("[A] lawyer's responsibilities to the court are not diluted even by an ocean of claims.").

After repeated failures to respond to court orders, the plaintiff's case was dismissed pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, which provides certain sanctions, including dismissal, for failing to comply with the court's discovery orders. As the Supreme Court has stated, "the most severe in the spectrum of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Supreme Court's reasoning is even stronger in the context of this litigation. As noted above, this case is one of approximately 4,000 in the AMS MDL and this court is responsible for over 60,000 cases in all of the transvaginal mesh MDLs. As I noted in the First Order, in MDLs case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move

thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial.").

The plaintiff had numerous opportunities to resolve this PPF issue with AMS but did not file the PPF until over two years after the original deadline, and only after the Second Order, which dismissed her case with prejudice. The plaintiff does not demonstrate excusable neglect or any adequate reason to set aside judgment. Accordingly, the plaintiff's Motion is **DENIED**.

IV.

For the reasons stated above, it is **ORDERED** that the plaintiff's Motion to Reconsider and Vacate the Court's November 17, 2016 Dismissal of this Action [ECF No. 14] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 8, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE