## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE:   AMERICAN MEDICAL SYSTEMS, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION        MDL No. 2325

---

THIS DOCUMENT RELATES TO:

*Rose Apuzzi v. American Medical Systems, Inc.*      Civil Action No. 2:14-cv-28603

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 59(e) to Amend and/or Reconsider the Court's Order of March 8, 2017. [ECF No. 20]. The plaintiff asks me to alter or amend my March 8, 2017 Order [ECF No. 18], which denied the plaintiff's Rule 60(b) Motion [ECF No. 14] for relief from my November 17, 2016 Judgment Order [ECF No. 10] dismissing the plaintiff's case with prejudice for failure to file a Plaintiff Profile Form ("PPF"). Defendant American Medical Systems, Inc. ("AMS") responded, and in its response moved under Rule 37(b)(2)(C) for monetary sanctions. [ECF No. 25]. The plaintiff has replied. [ECF No. 26]. Thus, the motion is ripe for review. For the reasons stated below, the plaintiff's Rule 59(e) Motion is **DENIED** and AMS's Rule 37(b)(2)(C) Motion is **DENIED**.

## I.   Background

This case resided in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat

pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 60,000 cases currently pending, approximately 4,000 of which are in the AMS MDL, MDL 2325. Pursuant to Pretrial Order No. 19 ("PTO # 19"), each plaintiff is required to submit a completed PPF to AMS within 60 days of filing a Short Form Complaint. PTO # 19 at ¶ 1b, No. 2:12-md-2325, entered Oct. 4, 2012. [ECF No. 302]. PTO # 19 further provided that "[i]f a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to . . . deficiency cure procedures." *Id.* at ¶ 1g.

In the present case, the plaintiff, by her counsel, filed her Short Form Complaint in this MDL on November 7, 2014. Short Form Compl. [ECF No. 1]. Attorney Eric H. Weitz filed the Short Form Complaint, and Mr. Weitz was designated as trial counsel on behalf of the law firm of Messa & Associates, P.C. *Id.* At that time, Mr. Weitz was listed on CM/ECF as the lead attorney for the plaintiff and two email addresses at Messa & Associates were set up to receive electronic notices through CM/ECF: EWeitz@messalaw.com and atobin@messalaw.com. The former email address was for Mr. Weitz and the latter was for paralegal Ariel Tobin. *See* Aff. of Joseph L. Messa, Jr. ("Messa Aff.") at ¶¶ 5–7 [ECF No. 20-1]. Mr. Weitz was the only attorney who entered an appearance at that time; he and the paralegal were the only individuals at Messa & Associates receiving CM/ECF filings regarding the plaintiff's case. *Id.* at ¶¶ 8–9.

Pursuant to PTO # 19, the plaintiff's PPF was due to AMS by January 6, 2015. On March 17, 2015, Ms. Tobin left Messa & Associates. Messa Aff. at ¶ 10. On May 25, 2016, AMS sent a letter to the plaintiff's counsel warning that AMS would seek sanctions up to and including dismissal if the plaintiff did not submit a completed PPF within fourteen days. [ECF No. 16-1, Ex. A.] On June 22, 2016, AMS filed a Motion to Dismiss the plaintiff's case for failure to submit a PPF, which was 533 days late at that time. [ECF No. 5]. On July 15, 2016, Mr. Weitz left Messa & Associates. Messa Aff. at ¶ 11.

Although the plaintiff did not respond to AMS's motion to dismiss, rather than dismiss the case, on August 2, 2016, I entered an Order ("First Order") granting the plaintiff an additional thirty business days to submit her PPF. [ECF No. 6]. In the First Order, I engaged in an extensive analysis of the four *Wilson* factors a district court in the Fourth Circuit must consider before levying a harsh sanction such as dismissal. *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)). I concluded that recourse under Rule 37 was justified, but the plaintiff should be afforded one more chance to comply with discovery. [ECF No. 6]. I also warned that failure to comply within the thirty business day period would result in dismissal upon motion by AMS. *Id.* Eighty-seven days later, on October 28, 2016, AMS again moved to dismiss the plaintiff's case for failing to provide her PPF. [ECF No. 8]. Again, the plaintiff did not respond. On November 17, 2016, I entered an Order ("Second Order"), with an accompanying Judgment Order, granting AMS's

Motion and dismissing the plaintiff's case with prejudice. [ECF Nos. 9, 10].

Seventy-seven days later, on February 2, 2017, attorneys Joseph L. Messa and Irene

M. McLafferty of Messa & Associates, P.C. both entered appearances in this case.

[ECF Nos. 12, 13]. Also on that day—758 days after the original PPF due date—the

plaintiff submitted a PPF to AMS and moved to vacate the dismissal pursuant to

Federal Rule of Civil Procedure 60(b) on the ground that her failure to timely provide

a PPF was the result of excusable neglect. [ECF No. 14]. In her Rule 60(b) Motion,

the plaintiff argued that "just prior" to my First Order, the only attorney listed on

CM/ECF as her counsel "abruptly left the law firm" and the firm did not become

aware that the plaintiff's case was dismissed until January 21, 2017. *Id.* at 3. After

briefing on the matter, on March 8, 2017, I entered an Order ("Third Order") denying

the plaintiff's Rule 60(b) Motion for relief from the Judgment Order. It is that denial

of Rule 60(b) relief, rather than the underlying judgment, that the plaintiff requests

I alter or amend in the Rule 59(e) Motion at hand.

## II.   Legal Standards

### A.   Rule 60(b)

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief

from a final judgment for five enumerated reasons or for 'any other reason that

justifies relief.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal

citations omitted). The five enumerated reasons for relief from final judgment under

Rule 60(b) are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence not available at trial; (3) fraud; (4) a void judgment; and (5) a

satisfied or discharged judgment. Fed. R. Civ. P. 60(b)(1)-(5). The sixth "catchall" reason "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens*, 652 F.3d at 500. Furthermore, the Fourth Circuit has required that "[i]n all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

### B. Rule 59(e)

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has recognized three grounds under which a district court may grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). "[I]f a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal quote marks and citations omitted). This allows the district court to correct its own errors without appellate proceedings, however, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1 at 124 (2d ed. 1995)). "A court

must not extend the time to act under Rule[] [59(e)]." Fed. R. Civ. P. 6(b)(2); *see also Alston v. MCI Commc'ns Corp.*, 84 F.3d 705, 706 (4th Cir. 1996).

## C. Rule 37(b)

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority is particularly significant. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.") Subpart 37(b)(2)(C) provides, in part that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III. Analysis

The plaintiff moves pursuant to Rule 59(e) to alter or amend this court's denial of her Rule 60(b) motion for relief from this court's dismissal of her case with prejudice. The plaintiff asks for relief under prong three of *Pacific Insurance Co.*, to prevent a manifest injustice. [ECF No. 21].[1]

### A. March 8, 2017 Denial of Plaintiff's Rule 60(b) Motion

In her Rule 60(b) motion, the plaintiff had asserted that her failure to provide a PPF was the result of excusable neglect. Specifically, she asserted her counsel did not receive the court's First Order because "[j]ust prior to the August 2, 2016 Order, Mr. Weitz, who was the only attorney from Messa & Associates who was listed as counsel, abruptly left the law firm." Pl.'s Mot. to Reconsider at 3. In her Rule 60(b) motion, the plaintiff did not explain her failure to provide her PPF by the initial January 6, 2015 deadline, or over the following two years, even though AMS sent a letter on May 25, 2016 warning that it would seek sanctions and subsequently filed a Motion to Dismiss on June 22, 2016. The plaintiff failed to file any response opposing AMS's Motion to Dismiss by the July 6, 2016 deadline for doing so, even though Mr. Weitz did not leave Messa & Associates until July 15, 2016. Thus, the plaintiff—represented by counsel receiving CM/ECF notifications—was on notice that AMS had moved to dismiss her case. The plaintiff was also on notice regarding

---

[1] The plaintiff does not raise any intervening change in law under prong one. The plaintiff also does not point to new evidence under prong two; while the plaintiff does submit a new affidavit that was not available when I considered her Rule 60(b) motion for relief from judgment, that affidavit does not add any new material facts. The affidavit contains substantially the same information I already considered, adding only the identity of the paralegal receiving email at the address atobin@messalaw.com, and the precise departure dates for Mr. Weitz and the paralegal.

her continuing failure to comply with PTO # 19, which warned the plaintiff of the possibility of dismissal for failure to submit a timely PPF. *See* PTO # 19 ¶ 1g.

In her Rule 60(b) motion, the plaintiff did not argue that CM/ECF filings failed to be properly delivered to email addresses at Messa & Associates. Instead, the plaintiff relied on her own counsel's failure to monitor those email addresses or for another attorney at the firm to make an appearance in the case. The plaintiff did not explain these failures. I determined that this argument did not warrant overturning my judgment pursuant to Rule 60(b)(1). *See, e.g., Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010) ("A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)."); *Wilson v. Thompson*, 138 Fed. App'x. 556, 557 (4th Cir. 2005) (denying Rule 60(b)(1) motion where sole reason asserted for relief was counsel's failure to note entry of dismissal); *see also In re Engle Cases*, 767 F.3d 1082, 1087 (11th Cir. 2014) ("[A] lawyer's responsibilities to the court are not diluted even by an ocean of claims.").

In my Third Order, which considered the Rule 60(b) motion, I noted that I had dismissed the plaintiff's case pursuant to Rule 37(b)(2) only after repeated failures to respond to court orders. Rule 37(b)(2) permits certain sanctions, including dismissal, for failing to comply with the court's discovery orders. As the Supreme Court has stated, "the most severe in the spectrum of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to

such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). I noted that the Supreme Court's reasoning is even stronger in the context of this litigation. This case was one of approximately 4,000 in the AMS MDL and this court is responsible for approximately 60,000 cases in all of the transvaginal mesh MDLs. As I noted in the First Order, in MDLs, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial.").

In denying the Rule 60(b) motion, I noted that the plaintiff had numerous opportunities to resolve this PPF issue with AMS but did not file the PPF until over two years after the original deadline, and only after the Second Order, which dismissed her case with prejudice. I found that the plaintiff had not demonstrated excusable neglect or any adequate reason to set aside judgment.

### B. Plaintiff's Rule 59(e) Motion

In the instant Rule 59(e) Motion, the plaintiff asserts that denying Rule 60(b) relief in the Third Order was a manifest injustice. In support, the plaintiff points to

my decision in *Jewel[l] v. Activis Grp.*, No. 2:08-CV-01105, 2010 WL 2671508, (S.D.W. Va. July 1, 2010). In *Jewell*, I required that Mr. Jewell file a Plaintiff Fact Sheet ("PFS") similar to the PPF at issue here and I dismissed Mr. Jewell's case for failure to file an adequate PFS. *Id.* at *1. Mr. Jewell filed a timely Rule 59(e) motion within twenty-eight days of the dismissal, and I provided him an additional opportunity to make a showing of manifest injustice. *Id.* at *3. Mr. Jewell did so and I subsequently vacated the dismissal with prejudice. *See Jewell v. Actavis Grp.*, No. 2:08-CV-01105, 2010 WL 3021896, at *2 (S.D.W. Va. July 29, 2010).

Unlike this case, Mr. Jewell took several actions before I dismissed his case with prejudice. Mr. Jewell actually filed a PFS, albeit a deficient one; he provided signed medical authorization forms to defendants; he responded to defendants' deficiency letter, albeit inadequately; and he argued that he believed he had complied with the PFS process. *Jewel[l] v. Activis Grp.*, No. 2:08-CV-01105, 2010 WL 2671508, at *1 (S.D.W. Va. July 1, 2010). That is different from the instant case where the plaintiff did not comply with the PPF requirement and did not respond to attempts to cure that deficiency at any time before I dismissed her case with prejudice. She still does not explain her failure to timely file a PPF before Mr. Weitz's departure, nor her failure to respond to AMS's delinquency letter prior to Mr. Weitz's departure, nor her failure to respond to AMS's motion to dismiss her case with prejudice prior to Mr. Weitz's departure. Also unlike this case, in *Jewell*, the plaintiff filed a timely Rule 59(e) motion. In the instant case, the plaintiff did not file a timely Rule 59(e) motion in response to my Second Order dismissing her case. Instead, the plaintiff

waited seventy-seven days—seven weeks past the deadline for a Rule 59(e) motion—then filed a Rule 60(b) motion for relief from the judgment, which I denied.

In an MDL with approximately 4,000 individual cases, and with approximately 60,000 cases across the seven transvaginal mesh MDLs, I must draw the line somewhere to preserve finality of judgment and promote the speedy resolution of the remaining cases. The plaintiff submitted her PPF over two years late, after disregarding AMS's attempts to cure the deficiency, after I had entered a Judgment Order dismissing her case with prejudice, and after the time to file a Rule 59(e) motion to alter or amend the Judgment Order had expired. The plaintiff argues that her noncompliance was due to the failings of her counsel. Whether those failings amount to attorney negligence is not a question that is before the court. The plaintiff's Rule 59(e) Motion to alter or amend my Third Order denying the plaintiff's Rule 60(b) Motion for relief from the Judgment Order is **DENIED**.

### C. AMS's Rule 37(b)(2)(C) Motion for Sanctions

AMS, in its Opposition to the plaintiff's Rule 59(e) Motion, moved under Rule 37(b)(2)(C) for sanctions of $5,000 to compensate AMS for the expenses incurred in discovery, moving to dismiss the case, and responding to the plaintiff's separate Rule 60(b) and 59(e) motions. I **FIND** that the circumstances of this case would make such an award of expenses unjust, thus AMS's Motion is **DENIED**.

## IV.  Conclusion

For the reasons stated above, it is **ORDERED** that the plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 59(e) to Amend and/or Reconsider the Court's Order of March 8, 2017 [ECF No. 20] is **DENIED** and AMS's Rule 37(b)(2)(C) Motion for Sanctions [ECF No. 25] is **DENIED**. It is further **ORDERED** that the plaintiff's counsel send a copy of this Order to the plaintiff via certified mail and file a copy of the receipt. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      May 30, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE